S. D. CARTWRIGHT *v.* THE NEW YORK, RUTLAND
& MONTREAL R. R. CO.

*Railway. Day-Laborer. R. L. s. 3372. Contract. Priv-
ity. Pleading.*

1. An action cannot be maintained which is founded on section 3372 R. L., which
makes railroads liable to day-laborers employed by contractors, for labor in
constructing their roads, when the work was done, and the contract was made
and to be performed, in New York and governed by its laws.
2. If New York has a statute imposing a similar liability on railroads, the action
should have been based upon that statute.

ACTION on the statute, R. L. s. 3372. Heard on an agreed
statement, December Term, 1886, Ross, J., presiding. Judg-
ment *pro forma* for the defendant. The case appears in the
opinion.

*C. H. Mason,* for the plaintiff.

The state of New York has a statute similar to section 3372,
R. L. of this State. N. Y. Session Laws, Chap. 342, 1885.
The defendant was subject to the jurisdiction of this court.
*Richardson* v. *R. R. Co.* 44 Vt. 613. The action should be
sustained. *Chase* v. *Houghton,* 16 Vt. 594.

*Batchelder & Bates,* for the defendant.

There is no presumption that our statute prevails in any

other state. *Thurston* v. *Percival*, 1 Mass. 415 ; *Allen* v. *R. R. Co.* 45 Md. 41. This statute does not have an extra-territorial effect. *State* v. *Chase*, 39 N. Y. 342 ; *Whitford* v. *Panama R. R.* 23 N. Y. 465 ; *Needham* v. *R. R. Co.* 38 Vt. 294 ; *Le Forest* v. *Tolman*, 117 Mass. 109 ; Story Conf. Law ; *Bedell* v. *Scruton*, 54 Vt. 493 ; *McDougall* v. *Paye*, 55 Vt. 187. See *Leonard* v. *Columbia S. N. Co.* 84 N. Y. 48 ; *McDonnald* v. *Mallery*, 77 N. Y. 547.

The opinion of the court was delivered by

ROWELL, J. This action is founded on s. 3372, R. L., which makes railroad companies liable to day-laborers employed by contractors, for labor performed in constructing their roads.

The defendant is a New York corporation, owning and operating a railroad from Chatham, New York, to Bennington, in this State, with its principal office in New York City, and the office of its general manager, superintendent, etc., in Bennington.

Plaintiff's labor was performed on that part of the road lying in New York, where we understand him to have lived, and to still live, and his contract for labor to have been made with the contractors, whose place of residence does not appear, nor when their contract with the company was made.

Plaintiff's contract, then, with the contractors, being made in New York and to be performed there, would be governed by the laws of that state ; and whatever privity existed between him and the company by reason of that contract and his labor under it, and whatever liability was thereby imposed upon the company to pay for his labor, must have existed and been imposed by some statute of that state, as otherwise he could have no claim against the company, for at common law there was no privity between him and it.

But whether there is any such statute in New York does not appear ; and if it did, it would make no difference, for this action is not based upon a New York statute, as it probably

might have been if there is one and a perfected cause of action under it—*McLeod* v. *Railroad Company*, 58 Vt. 727—but upon our statute, which cannot be successfully invoked, as it can have no extra-territorial effect in this behalf.

Judgment affirmed.